IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AMIE FLOWERS,

    Plaintiff;                                    Case No.: _____

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA,
a/k/a UNUM/UNUM GROUP;

    Defendant.

## COMPLAINT

COMES NOW, Plaintiff, Amie Flowers, by and through her attorneys at Cody Allison & Associates, PLLC, and sues Defendant Unum Life Insurance Company of America (*a/k/a* Unum or Unum Group) [hereinafter "Unum"].

## JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of the Vanderbilt[1] LTD (long-term disability) Plan; legally designated as the "Group Long Term Disability Plan for employees of Vanderbilt University Plan" [hereinafter the "**Plan**"]; which was (and is) underwritten, administered and/or managed by Unum for the benefit

---

[1] Monroe Carroll Children's Hospital a/k/a Vanderbilt Children's Hospital, plus any and all related entities and affiliates, are hereinafter referred to collectively as "**Vanderbilt**."

1

of certain employees of Vanderbilt.[2] In addition, this action may be brought in this Court pursuant to 28 U.S.C. §1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, Unum Claim # 9093968.

3. Venue is proper in the Middle District of Tennessee, pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

## RELEVANT PARTIES

4. Amie Flowers resides in LaVergne, Tennessee; and a substantial part of the events, transactions, and occurrences material to her claim for disability took place within the Middle District of Tennessee.

5. At the time relevant hereto, Plaintiff was an "employee" of Vanderbilt; that being her "employer," as those terms are defined in 29 U.S.C. §§ 1002(5) and (6). Vanderbilt is in the business of health care, medical treatment and related services. Plaintiff worked as a Clinical Staff Leader at Vanderbilt, beginning in July, 2004; however, due to her established disability, she no longer works at Vanderbilt. The last day that she worked was on or about January 16, 2013.

6. At the time relevant hereto, Plaintiff's employer, Vanderbilt, was the Plan Administrator for the Plan; Vanderbilt was also the "plan sponsor," "administrator," and/or "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At the time relevant hereto, Defendant Unum was the underwriter, Plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively,

---

[2] Reference Group LTD Policy No.: 224888.

or in addition, Unum was "administrator" and/or "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

8. At all times relevant hereto, Defendant Unum acted as agent for the Plan and for the Plan Administrator, if not for Vanderbilt.

9. Under the Plan or Policy, Vanderbilt delegated to Defendant Unum the claims–fiduciary duties for the Plan; *i.e..*, decision-making on claims for benefits, decision-making on appeals of denied claims; and/or other administrative powers and duties for or under the Plan or Policy.

10. At all times relevant hereto, the Plan constituted an "employer welfare benefit plan" as defined by 29 U.S.C. §1002(1); as an incident to her employment, Plaintiff was eligible and covered (or permitted to be covered) under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. §1002(7).

11. At all times relevant hereto, the Plan/Policy provided for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, sickness, illness, disease, and/or or other covered medical condition as set forth under the Plan/Policy.

## STATEMENT OF FACTS

12. Plaintiff realleges and reavers paragraphs 1 through 11 of the Complaint, incorporating them by reference herein as if specifically restated.

13. Plaintiff is 35 years old, and her date of birth is November 25, 1980.

14. Plaintiff worked for Vanderbilt as a Clinical Staff Leader, starting with the hospital in July, 2004. However, due to her established medical disability(-ies), her last day of work was on or about January 16, 2013.

15. The primary medical conditions forming the basis for Ms. Flowers' disability claim are multi-factorial and are as follows: reflex sympathetic dystrophy (RSD) a/k/a complex regional pain syndrome (Type I) (CRPS), bilateral arm pain, decreased range of motion in upper extremities, as well as sleep disorder and depression. Following surgery, in an effort to alleviate the symptoms and complications, Ms. Flowers has undergone various treatments; this has included shoulder injections and the invasive procedure of a spinal-cord-stimulator implant. There are also debilitating side effects from her necessary medications.

16. After she could no longer perform her work, and based on her employment at Vanderbilt, Ms. Flowers was eligible, and applied, for LTD benefits. She received those benefits ("own, or regular occupation" benefits) for a period of 24 months – – from July, 2013 through July, 2015. During this time frame, Ms. Flowers was, properly, considered disabled under the relevant policy.

17. However, LTD benefits ("any occupation" benefits) were then denied effective on or about July 15, 2015. The initial denial letter from the Company is dated July 9, 2015.

18. The Unum LTD policy states, *inter alia*, as follows (emphasis supplied):

"You are **disabled** when Unum determines that:

-- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and

-- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

"**After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience**.

4

> "You must be under the regular care of a physician in order to be disabled.
>
> ….
>
> "Gainful Occupation means an occupation that is or can be expected to provide you with an income of at least equal to 80% of your indexed monthly earnings within 12 months of your return to work.
>
> ….
>
> "Indexed monthly earnings means your monthly earnings adjusted on each anniversary of benefit payments by the lesser of 10% of the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.
>
> ….
>
> "Monthly earnings means your gross monthly income from your Employer as defined in the plan.
>
> ….
>
> "Sickness means an illness or disease. Disability must begin while you are covered under the plan."

19. The initial denial letter from Defendant Unum dated July 9, 2015, states:

> "We have determined you are able to perform the duties of other gainful occupations. You are not disabled under the policy and benefits are not payable after July 15, 2015…. Your Long Term Disability claim has been paid for the last 24 months because your medical records supported your inability to perform your occupation as a Clinical Staff leader. As of July 15, 2015, the policy defines disability as the inability to perform any gainful occupation for which you are reasonably qualified by way of training, education, and experience. A gainful occupation would be any job that would be expected to provide you with an income of at least $26.23 per hour …. Our evaluation of your claim included a review of your medical restrictions and limitations, your employment history, and your educational background….Based on our review, the information in your claim file indicates you are able to perform the duties of the other gainful occupations that have been identified [*i.e.*, Director Home Health Care, Nurse Call Center Manager and Medical Claims Review Nurse]. Your claim has been closed effective July 15, 2015 with no further benefits payable."

20. Despite an appeal by Plaintiff, Defendant Unum maintained the denial of further LTD benefits. *See*, final denial letter dated April 7, 2016.

21. Any and all applicable insurance–policy premiums required for LTD coverage under the Plan have been fully paid or otherwise satisfied. Further, Plaintiff has filed or caused to be

5

filed notice(s) or proof(s) of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Plan for the losses claimed herein.

22. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "disabled" or suffered from "disability" as those terms are defined, under the Plan/Policy; such that policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be fully supported by her treating physician(s) or other medical provider(s), who have confirmed her inability to work; including a vocational expert.

23. Furthermore, the record properly before Unum (Administrative Record) fails to reflect adequate proof that there are (sedentary) jobs that Plaintiff is reasonably qualified to perform, and that would provide the requisite level of income, all per the Plan/Policy language. The Plan/Policy does not require that Ms. Flowers be able to do any job; rather, it is limited to jobs that she is reasonably fitted by education, training or experience.

24. Under any ERISA standard of review that may apply,[3] the position taken by Unum in the letters referenced in Paragraphs 17, 19, and 20 above, in addition to the administrative record as a whole, cannot withstand judicial scrutiny. The "any gainful occupation" review, analysis and decision by Unum were wrong, as well as arbitrary and capricious, under the circumstances presented.

25. In evaluating the discontinuation /denial of benefits by Unum, the Court should bear in mind that a participant like Ms. Flowers and the decision-maker (Unum) are not adversaries, notwithstanding the fact that an award favorable to her will deplete Unum's treasuries. *See, Burke v. Pitney Bowes Inc. Long Term Disability Plan*, 640 F. Supp. 2d 1160, 1176 (N.D. Cal.

---

[3] Plaintiff respectfully reserves all points and arguments regarding the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989), and its progeny.

6

Case 3:16-cv-00818  Document 1  Filed 04/28/16  Page 6 of 9 PageID #: 6

2009) ("A plan administrator is a fiduciary of the plan participants [internal citation omitted]. This means that the plan administrator's interest, if it is following the law, is not to deny benefits as often as possible but to come to the right decision in each case as to whether benefits are payable under the plan").

26. Also, Ms. Flowers filed for Social Security disability benefits in January, 2014, and benefits have now been awarded as of April, 2016.

27. Plaintiff is due *back* LTD benefits covering the period of time from approximately July 15, 2015 to present; as well as any other LTD-related benefits that were provided under the Plan during that time frame. She is also due all *future* LTD benefits as provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

28. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record) in this case (if not adduced through any discovery), Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I --- ERISA/Statutory Claims

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint, incorporating them by reference herein as if specifically restated.

30. Based on the facts summarized above, Plaintiff makes claim under ERISA for the (re-)instatement/award of all LTD benefits due; past, present and future; pursuant to the LTD Plan/Policy at issue. That is, this is an action seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, as well as all

pertinent implementing regulations and the federal common law developed in the context of ERISA. This count covers, without limitation, all causes of action that are available under 29 U.S.C. §1132(a); this to include, provided applicable and necessary to afford complete relief, a cause of action for breach of fiduciary duty.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A.  That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and F. R. Civ. P 57, via injunction pursuant to F. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled and still is owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled; or, alternatively, assess surcharge(s) under principles of equity;[4] together with interest; all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B.  That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and F. R. Civ. P 57, via injunction pursuant to F. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which she is entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

---

[4] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 444-445; 179 L. Ed. 2d 843; 131 S. Ct. 1866 (2011).

8

Case 3:16-cv-00818   Document 1   Filed 04/28/16   Page 8 of 9 PageID #: 8

C. That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. §1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law, and the interests of equity and justice; including without limitation any applicable or accrued cost–of-living adjustments ("COLA's") under the Plan or Policy, plus pre-judgment interest[5] and post-judgment interest[6] on all amounts awarded; and

E. Plaintiff reserves the right, if appropriate, pursuant to F. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit based on additional facts or circumstances not now reasonably apparent, or to be revealed by any discovery to be conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 26th day of April, 2016.

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC

/s/ K. Cody Allison
K. Cody Allison, #20623
The Union Building
501 Union Street, Ste. # 502
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com

---

[5] *See, Curtis v. Hartford Life & Accident Ins. Co*., 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[6] *See*, 28 U.S.C. § 1961.